# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE DEON CARROLL,<br><br>               Plaintiff,<br><br>   v.<br><br>VALLEJO POLICE<br>DEPARTMENT, et al.,<br><br>               Defendants. | **1:23-cv-00004-GSA-PC**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br><br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

## I.      BACKGROUND

Tremaine Deon Carroll ("Plaintiff") is a state prisoner proceeding *pro se* with this civil right case pursuant to 42 U.S.C. § 1983.  On January 3, 2023, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On January 18, 2023, Plaintiff filed a First Amended Complaint which is now before the Court for screening.  (ECF No. 5.)  28 U.S.C. § 1915A.

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Central California Women's Facility in Chowchilla, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants the Vallejo Police Department, Mike Pallares (Warden), Greg Rodriguez, Sergeant Contreras, and John/Jane Doe Defendants (collectively, "Defendants"). Plaintiff's allegations follow:

Plaintiff seeks to bring this civil action on behalf of herself, Latasha Brown, and other sexual assault victims at CCWF. Plaintiff and Latasha Brown were both sexually assaulted by Warden Mike Pallares, former Officer Rodriguez, Sergeant Contreras, and others. Warden Pallares assigned ISU Sergeant Browne [not a defendant] to head the investigation, but Sgt. Browne has also sexually assaulted several inmates. Sgt. Browne is going around threatening known victims and witnesses. CDCR's "Green Wall" and Code-of Silence has been activated. Plaintiff Carroll is the only documented victim who has not been transferred out of CCWF for

her protection.  However, Plaintiff Carroll is being tortured in CCWF Ad-Seg and is currently on a hunger strike, afraid CCWF is keeping her here to harm her.  Latasha Brown was moved to CIW because she is pregnant but won't say by what staff predator.  The lives of Plaintiff and Brown are in imminent danger, so preliminary injunctive relief and a temporary restraining order from CCWF and CDCR are warranted for a case of this magnitude with media coverage.

Plaintiff requests as relief a temporary restraining order on an "emergency" status under preliminary injunctive relief to immediately get Plaintiff Carroll out of CCWF and all victims out of CDCR custody.[1]

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also

---

[1] Plaintiff's motion for preliminary injunctive relief shall be addressed by separate order.

Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A.    **Plaintiff cannot assert claims on behalf of others without attorney representation**

Plaintiff names herself (Tremaine Carroll), Latasha Brown, and other sexual assault victims at CCWF as plaintiffs in this case, alleging that she "brought this civil action" on behalf of herself and others.  (ECF No. 5 at 1.)  However, Plaintiff Carroll is the only person who signed the original Complaint and the First Amended Complaint.  (ECF No 1 at 5; ECF No. 5 at 2 .)

While a plaintiff may file a *pro se* action on her own behalf, a plaintiff cannot represent other plaintiffs if filing *pro se*.  See 28 U.S.C. § 1654 (2009) (parties may plead and conduct their own cases personally in all federal courts); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) (noting an individual appearing *pro se* may not represent other individuals in federal court); see C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (a layperson acting in *pro per* may not appear or seek relief on behalf of others); Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing *in propria persona* has no authority to represent anyone other than himself.") (*per curiam*); see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (denying inmate the right to seek injunctive relief with respect to prison policies that affected all inmates); McShane v. United States, 366 F. 2d 286, 288 (9th Cir.

1966).

**B.    Multiple Plaintiffs & Class Action Considerations**

The caption in this case states that the Plaintiffs are Tremayne Carroll, Latasha Brown and CCWF sexual assault victims.  This raises two concerns:

**1-** actions brought by multiple inmate plaintiffs proceeding pro se present procedural problems that cause delay and confusion.  Delay often arises from the transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released from custody, and the difficulties faced by inmates who attempt to communicate with each other and with other incarcerated and/or unincarcerated individuals. Furthermore, even if incarcerated plaintiffs obtained authorization to communicate with each other, delays would be caused by the need for all filings to contain the original signatures of all plaintiffs as plaintiffs are not permitted to sign documents on others behalf (see, Mendez v Stewart, 2020 US Dist. Lexis 62069). Therefore, this action will not be allowed to proceed with multiple plaintiffs;

**2-** to the extent Plaintiff is seeking to attain Class Certification, Federal Rule of Civil Procedure 23 governs.   Under Rule 23(a), a party seeking class certification must demonstrate prerequisites such as numerosity, common questions of law and fact, typicality and the ability of the named Plaintiff to protect the interests of the class. In addition, under Rule 23(b) the Plaintiff must demonstrate that Plaintiff meets at least one of the prerequisites regarding the risk of separate actions.  A party seeking class certification must affirmatively demonstrate compliance with Rule 23 (see, Gray v. County of Riverside, 2014 US Dist Lexis 150884).   Plaintiff has failed to do so here.

Accordingly, as the complaint currently stands the court will only consider the complaint to assert claims on behalf of Plaintiff Carroll alone.  If Latasha Brown or other sexual assault victims wish to seek relief, they must either file their own civil actions or demonstrate that they

meet the rigorous requirements of Rule 23.   Nor may Plaintiff unilaterally insert the claims of other plaintiffs and piggyback them onto Plaintiff's claims.

### C.   <u>Conclusory Allegations and Personal Participation</u>

Plaintiff alleges that she was sexually assaulted by Warden Mike Pallares, former Officer Rodriguez, Sergeant Contreras, and others.   These conclusory allegations, without more, are not sufficient to state a claim against these individuals.   In order to state a claim for relief under § 1983, Plaintiff must satisfy the "linkage requirement"—meaning that Plaintiff must link *each* individually named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.   (emphasis added.)   Plaintiff must specify which Defendant(s) Plaintiff feels are responsible for each violation of Plaintiff's constitutional rights and *the factual basis*.   Moreover, the Complaint must put each Defendant on notice of Plaintiff's claims against him or her.   <u>See Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir.2004) (emphasis added.)

Plaintiff must, in accordance with Rule 8, allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." <u>Twombly</u>, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements'. . . are not entitled to be assumed true." <u>Iqbal</u>, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable

legal theory." <u>Twombly</u>, 550 U.S. at 562. Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>see also</u> <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Moreover, Plaintiff must include specific facts relating what exactly happened, who was involved, when and where did the acts complained of happen, and who may have witnessed or assisted in the acts complained of.

Plaintiff shall be granted an opportunity to amend the complaint to cure this deficiency. Again, to state a § 1983 claim against a defendant, Plaintiff must <u>name</u> the defendant individually and allege <u>facts</u> showing what that <u>individual</u> defendant did or failed to do. In addition, to state a claim for a failure to protect, Plaintiff must allege personal acts by each defendant showing how each defendant knew that Plaintiff faced a substantial risk of serious harm yet nevertheless acted unreasonably, causing Plaintiff harm.

To this point, Plaintiff has not done the above and therefore fails to state a claim against any of the named defendants.

### D.    <u>Vallejo Police Department – Improper Venue</u>

Plaintiff names the Vallejo Police Department as a defendant. Plaintiff's claims against the Vallejo Police Department likely arise from events occurring in Solano County, California, where Vallejo is located. If so, venue for Plaintiff's claims against this defendant are not proper in this district, and thus those claims may not be pursued in this action.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

By this order, Plaintiff shall be granted an opportunity to file a Second Amended Complaint in which Plaintiff should omit any claims for relief arising out of events occurring in Solano County. <u>See</u> <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise

defective venue *sua sponte*); see also Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance). If Plaintiff wishes to pursue claims against the Vallejo Police Department or any individual police officers arising in Solano County, Plaintiff may file a separate action in the Northern District of California.

## V.   LEGAL STANDARDS

In the paragraphs below, the Court shall provide legal standards for the claims that it appears Plaintiff seeks to bring. Plaintiff should review the legal standards before deciding which claims to bring in her Second Amended Complaint.

### A.   Sexual Assault – Eighth Amendment Claim

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood v. Beauclair, 692 F. 1041, 1046 (9th Cir. 2012) (citations omitted). "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." Crawford v. Cuomo, 796 F.3d 252, 257 (2nd Cir. 2015). "[S]exual contact between a prisoner and a prison guard serves no legitimate role and 'is simply not part of the penalty that criminal offenders pay for their offenses against society.'" Wood, 692 F.3d at 1050 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994) (some internal quotation marks omitted). "Where there is no legitimate penological purpose for a prison official's conduct, courts have 'presum[ed] malicious and sadistic intent.'" Id. (alteration in original) (quoting Giron v. Corr. Corp. of Am., 191 F.3d 1281, 1290 (10th Cir. 1999)). "[T]here is no requirement that the plaintiff produce evidence of injury; '[r]ather, the only requirement is that the officer's actions be offensive to human dignity.'" Id. (quoting Schwenk, 204 F.3d at 1196) (some internal quotation marks omitted).

### B.   Retaliation – First Amendment Claim

"Prisoners have a First Amendment right to file grievances [and lawsuits] against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An

assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

C.   **Failure to Protect – Eighth Amendment Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer, 511 U.S. at 832-33 (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

**V1.   APPOINTMENT OF COUNSEL**

Plaintiff requests appointment of counsel in this case. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel "due to the magnitude of his case and situation, including number of victims, number of defendants/sexual deviants [and] appointment of counsel if warranted as CDCR/CCWF is already trying to cover this up." (ECF No. 5 at 1-2.) Although these are very serious allegations, they are not exceptional circumstances under which the law which would, at this initial stage of the proceedings, require the appointment of counsel. At this early stage the court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's First Amended Complaint shall be dismissed by this order for failure to state a claim,

but with leave to amend.  The court has not found any cognizable claims in Plaintiff's 1 AC for which to initiate service of process, and no other parties have yet appeared.  Moreover, based on a review of the current record in this case, Plaintiff can adequately articulate Plaintiff's claims.  Therefore, Plaintiff's motion for the appointment of counsel shall be denied, without prejudice, to renewal of the motion at a later stage of the proceedings.

**V11.   DOE DEFENDANTS**

Plaintiff names Doe defendants in this action.   Unidentified, or "John/Jane Doe" defendants must be named or otherwise identified before service can go forward.  "As a general rule, the use of 'John/Jane Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served until Plaintiff has identified them as actual individuals and amended the complaint to substitute names for the John Doe(s) or Jane Doe(s).  For service to be successful, the Marshal must be able to identify and locate defendants.

**V111.  PLAINTIFF'S SIGNATURE IS UNVERIFIED**

Federal law requires a verification to be sworn or signed subject to the penalty of perjury.  See 28 U.S.C. § 1746 (providing that, if "any matter is required or permitted to be supported, evidenced, established, or proved by . . . verification," an unsworn statement is sufficient if "subscribed ... as true under penalty of perjury").  Johnson v. Schneider, No. CV 14-7429-CJC (KES), 2016 WL 3033691, at *1 (C.D. Cal. Apr. 21, 2016), report and recommendation adopted, No. CV1407429CJCKES, 2016 WL 3033690 (C.D. Cal. May 26, 2016), judgment entered, No. CV 14-7429-CJC (KES), 2016 WL 3032683 (C.D. Cal. May 26, 2016).  Thus, in order to be verified, a complaint must be signed under penalty of perjury.  Id. (citing  In re Corinthian Colleges S'holder Derivative Litig., 2012 U.S. Dist. LEXIS 188623, at *39-40 (C.D. Cal. Jan. 30, 2012), citing United States v. $84,740.00 U.S. Currency, 900 F.2d 1402, 1405 (9th Cir. 1990)).

Here, Plaintiff's First Amended Complaint contains a verification signed by Plaintiff that states, "The above is true to my knowledge." (ECF No. 5 at 2.)  The First Amended Complaint, however, is not signed under penalty of perjury. The First Amended Complaint's allegations,

therefore, are not "evidence" on which Plaintiff can rely to defeat a motion for summary judgment.  Id.  Defendants, however, could cite the First Amended Complaint to show no factual disputes exist, because factual assertions in a pleading "are considered judicial admissions conclusively binding on the party who made them."  Id. (quoting American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988).

Plaintiff is advised that if/when Plaintiff files the Second Amended Complaint, Plaintiff must sign and date it with a verification stating, "I verify under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge."

## 1X.  CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires."   The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).   Plaintiff is granted leave to file a Second Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1948-49;  Jones, 297 F.3d at 934.  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of her rights.  Jones, 297 F.3d at 934 (emphasis added).  In order to hold an individual defendant liable, Plaintiff must name the individual defendant and explain how that defendant personally acted in violation of Plaintiff's rights.  Plaintiff should state clearly, in Plaintiff's own words, what happened, using facts, not conclusions.  Plaintiff must describe what each defendant, *by name*, personally did, or did not do, to violate the particular right described by Plaintiff.

Plaintiff is advised that a short and simple statement of the claim(s) will speed the screening of this case and will help the litigation proceed in a more efficient manner. Plaintiff should carefully review the Court's order and only include the claims Plaintiff believes are cognizable.

Plaintiff should note that although Plaintiff has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Also, Plaintiff has not been granted leave to allege facts about events that happened post January 3, 2023, the date the original Complaint was filed.

An amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint, filed on January 18, 2023, is dismissed for failure to state a claim, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the Court in this order;

4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:23-cv-00004-GSA-PC;

5. Plaintiff's motion for appointment of counsel is denied, without prejudice; and

6. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed for failure to comply with the Court's order.

IT IS SO ORDERED.

Dated:   **February 9, 2023**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE