# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE DEON CARROLL,<br><br>             Plaintiff,<br><br>      v.<br><br>VALLEJO POLICE DEPARTMENT, et al.,<br><br>             Defendants. | 1:23-cv-00004-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A DISTRICT COURT JUDGE TO THIS CASE**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br><br>**(ECF Nos. 6, 8.)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS)** |

**I.      BACKGROUND**

Tremaine Deon Carroll ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights case pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 3, 2023. (ECF No. 1.) On January 18, 2023, Plaintiff filed the First Amended Complaint as a matter of course. (ECF No. 5.) On February 10, 2023, the Court screened the First Amended Complaint and dismissed it for failure to state a claim, with leave to amend within thirty days. (ECF No. 7.)

On February 7, 2023 and February 16, 2023, Plaintiff filed motions for preliminary injunctive relief. (ECF Nos. 6, 8.)[1] In the motion filed February 7, 2023 (ECF No 6) Plaintiff mentions two other local cases, 23cv 0005JLT-SAB and 22cv00363AWI-BAM, since neither of those cases are at issue here, nor assigned to the undersigned, they will not be addressed.

## II.   LEGAL STANDARDS

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.). Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969. The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35, 38 S.Ct. 65, 62 L.Ed. 260 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); Lathrop v. Unidentified, Wrecked & Abandoned Vessel, 817 F.Supp. 953, 961 (M.D. Fl. 1993); Kandlbinder v. Reagan, 713 F.Supp. 337, 339 (W.D. Mo. 1989); Suster v. Marshall, 952 F. Supp. 693, 701 (N.D. Ohio 1996); see also Califano v. Yamasaki, 442 U.S. 682, 702, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2) an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

---

[1] In the motion filed on February 16, 2023, Plaintiff also brings a motion for appointment of counsel and motion for a 60-day extension of time to pay the filing fee. (ECF No. 8.) These motions shall be addressed in a separate order.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the moving party "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The substantive purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). But the legal standard that applies to a motion for a TRO is the same as a motion for a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017) (same). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted). "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Section 3626(a)(2) also places significant limits upon a court's power to grant preliminary injunctive relief to inmates. "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts

grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 999 (9th Cir. 2000).

///

### III. DISCUSSION

In the motions, Plaintiff seeks an order transferring Plaintiff out of Central California Women's Facility (CCWF) and California Department of Corrections and Rehabilitation (CDCR) custody and releasing her into the community, federal custody, or out-of-state custody, based on conditions at CCWF which are allegedly subjecting Plaintiff to imminent danger of serious harm. Plaintiff seeks the order on Plaintiff's own behalf and other inmates who are subject to the same danger. Plaintiff alleges that Plaintiff and other inmates have been sexually assaulted and retaliated against by prison officials.

First, as Plaintiff was informed in the Court's screening order issued on February 10, 2023, Plaintiff may not assert claims as a plaintiff proceeding *pro se* on behalf of others without attorney representation, and the court only considers Plaintiff's complaint to assert claims on behalf of Plaintiff Carroll alone. Therefore, Plaintiff may not bring a motion for temporary restraining order on behalf of anyone except Plaintiff.

Second, no defendants have yet appeared in this action, and thus the court does not have jurisdiction to order injunctive relief which would require directing individuals not before the Court to take action. Zepeda, 753 F.2d at 727 ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Third, Plaintiff's Complaint was dismissed on February 10, 2023, for failure to state a claim, with leave to amend, ECF No. 7, and Plaintiff has not filed an amended complaint. Therefore, there is no complaint on record for which the court has found cognizable claims. Without a complaint on file, the Court cannot determine whether Plaintiff is likely to succeed on the merits of any of her claims.

For the foregoing reasons, Plaintiff's motions for preliminary injunctive relief, filed on February 7, 2023 and February 16, 2023, should be denied for lack of jurisdiction.

## IV.  ORDER AND RECOMMENDATIONS

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of Court shall randomly assign a United States District Judge to this case.

**AND**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motions for preliminary injunctive relief, filed on February 7, 2023 and February 16, 2023, be DENIED; and
2. This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**March 3, 2023**__              __/s/ Gary S. Austin__
                                                             UNITED STATES MAGISTRATE JUDGE