# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE DEON CARROLL,<br><br>    Plaintiff,<br><br>    v.<br><br>VALLEJO POLICE DEPARTMENT, et al.,<br><br>    Defendants. | **1:23-cv-00004-JLT-GSA-PC**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME TO PAY FILING FEE AS MOOT**<br><br>**(ECF No. 8.)** |

## I.      BACKGROUND

Tremaine Deon Carroll ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights case pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 3, 2023. (ECF No. 1.) On January 18, 2023, Plaintiff filed the First Amended Complaint as a matter of course. (ECF No. 5.) On February 10, 2023, the Court screened the First Amended Complaint and dismissed it for failure to state a claim, with leave to amend within thirty days. (ECF No. 7.)

On February 16, 2023, Plaintiff filed a motion for appointment of counsel and motion for a 60-day extension of time to pay the filing fee for this case. (ECF No. 8.)

## II.   MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his[/her] claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  At this early stage in the proceedings, the court is unable to determine whether Plaintiff is likely to succeed on the merits.  Plaintiff's Complaint was dismissed on February 10, 2023, for failure to state a claim, with leave to amend.  (ECF No. 7.)  To date, Plaintiff has not filed an amended complaint.  Thus, there is no complaint on record in this case for which the Court has found cognizable claims.  It is too early for service of process, and no other parties have yet appeared.  Moreover, the Court finds that Plaintiff can adequately articulate her claims, and her anticipated claims for sexual assault, failure to protect, and retaliation are not complex.  Therefore, Plaintiff's motion for appointment of counsel shall be denied. Plaintiff is advised that she is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings.

## III.   MOTION FOR EXTENSION OF TIME

Plaintiff requests a 60-day extension of time in which to pay the filing fee for this case. Plaintiff's motion is moot and shall be denied as such, because on January 26, 2023, Plaintiff paid the $402.00 filing fee for this case in full.  (Court Record.)

///

///

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for the appointment of counsel, filed on February 8, 2023, is DENIED, without prejudice; and
2. Plaintiff's motion for extension of time, filed on February 8, 2023, is DENIED as moot.

IT IS SO ORDERED.

Dated:  **March 9, 2023**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE