# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE DEON CARROLL,<br>Plaintiff,<br>v.<br>VALLEJO POLICE DEPARTMENT, et al.,<br>defendants. | **1:23-cv-00004-GSA-PC**<br><br>**ORDER WITHDRAWING COURT'S ORDER ISSUED ON FEBRUARY 10, 2023 (ECF No. 7.)**<br><br>**ORDER REINSTATING FIRST AMENDED COMPLAINT (ECF No. 5.)**<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER:**<br><br>**(1) NOTIFY COURT THAT PLAINTIFF STANDS ON THE FIRST AMENDED COMPLAINT,**<br><br>**OR**<br><br>**(2) FILE A SECOND AMENDED COMPLAINT**<br><br>**DEADLINE TO NOTIFY COURT OR FILE SECOND AMENDED COMPLAINT: MAY 1, 2023**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

## I. BACKGROUND

Tremaine Deon Carroll ("Plaintiff") is a state prisoner proceeding *pro se* with this civil right case pursuant to 42 U.S.C. § 1983. On January 3, 2023, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On January 18, 2023, Plaintiff filed a First Amended Complaint as a matter of course. (ECF No. 5.) On February 10, 2023, the Court issued an order

dismissing the First Amended Complaint for failure to state a claim, with leave to amend within 30 days. (ECF No. 7.) The 30-day time period expired, and Plaintiff did not file an amended complaint. (Court Record.) However, on March 15, 2023, Plaintiff filed objections. (ECF No. 12.)

## II. PLAINTIFF'S OBJECTIONS

On March 15, 2023, Plaintiff filed objections to the Court's rulings in four of her pending cases: 1:23-cv-00004-GSA-PC (the present case); 1:23-cv-00005-JLT; 1:22-cv-00363-BAM; and 1:23-cv-00224-HBK. (ECF No. 12.) Plaintiff did not specify which rulings in **each** of her individual four cases she objects to. However, to the extent that Plaintiff objects to the Court's order issued in this case on February 10, 2023, the Court shall withdraw its order, reinstate the First Amended Complaint and allow Plaintiff to either (1) stand on the First Amended Complaint, or, (2) file a Second Amended Complaint.

## III. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state

a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**IV. SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is presently incarcerated at Central California Women's Facility in Chowchilla, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants the Vallejo Police Department, Mike Pallares (Warden), Greg Rodriguez, Sergeant Contreras, and John/Jane Doe Defendants (collectively, "Defendants").

Plaintiff's allegations follow:

Plaintiff seeks to bring this civil action on behalf of herself, Latasha Brown, and other sexual assault victims at CCWF. Plaintiff and Latasha Brown were both sexually assaulted by Warden Mike Pallares, former Officer Rodriguez, Sergeant Contreras, and others. Warden Pallares assigned ISU Sergeant Browne [not a defendant] to head the investigation, but Sgt. Browne has also sexually assaulted several inmates. Sgt. Browne is going around threatening known victims and witnesses. CDCR's "Green Wall" and Code-of Silence has been activated. Plaintiff Carroll is the only documented victim who has not been transferred out of CCWF for her protection. However, Plaintiff Carroll is being tortured in CCWF Ad-Seg and is currently on a hunger strike, afraid CCWF is keeping her here to harm her. Latasha Brown was moved to CIW because she is pregnant but won't say by what staff predator. The lives of Plaintiff and Brown are in imminent danger, so preliminary injunctive relief and a temporary restraining order from CCWF and CDCR are warranted for a case of this magnitude with media coverage.

Plaintiff requests as relief a temporary restraining order on an "emergency" status under preliminary injunctive relief to immediately get Plaintiff Carroll out of CCWF and all victims out of CDCR custody.[1]

## V. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting

---

[1] Plaintiff's motions for preliminary injunctive relief in this case were denied by a separate order issued on March 17, 2023. (ECF No. 13.)

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Id. (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

**A. Plaintiff cannot assert claims on behalf of others without attorney representation**

Plaintiff names herself (Tremaine Carroll), Latasha Brown, and other sexual assault victims at CCWF as plaintiffs in this case, alleging that she "brought this civil action" on behalf of herself and others. (ECF No. 5 at 1.) However, Plaintiff Carroll is the only person who signed the original Complaint and the First Amended Complaint. (ECF No 1 at 5; ECF No. 5 at 2 .)

While a plaintiff may file a *pro se* action on her own behalf, a plaintiff cannot represent other plaintiffs if filing *pro se*. See 28 U.S.C. § 1654 (2009) (parties may plead and conduct their own cases personally in all federal courts); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) (noting an individual appearing *pro se* may not represent other individuals in federal court); see C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (a layperson acting in *pro per* may not appear or seek relief on behalf of others); Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing *in propria persona* has no authority to represent anyone other than himself.") (*per curiam*); see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (denying inmate the right to seek injunctive relief with respect to prison policies that affected all inmates); McShane v. United States, 366 F. 2d 286, 288 (9th Cir. 1966).

Accordingly, the court will only consider the complaint to assert claims on behalf of Plaintiff Carroll alone. If Latasha Brown or other sexual assault victims wish to seek relief they must file their own civil actions; Plaintiff cannot unilaterally insert their claims into this case as parties, or otherwise insert them into Plaintiff's claims.

**B. Conclusory Allegations and Personal Participation**

Plaintiff alleges that Plaintiff was sexually assaulted by Warden Mike Pallares, former Officer Rodriguez, Sergeant Contreras, and others. These conclusory allegations, alone andwithout more, are not sufficient to state a claim against these individuals. In order to state a claim for relief under § 1983, Plaintiff must satisfy the "linkage requirement"—meaning that she must link *each* named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. (emphasis added.) Plaintiff must specify which Defendant(s) Plaintiff alleges are responsible for each violation of Plaintiff's constitutional rights and *the factual basis* for each violation. Plaintiff's Complaint must put each Defendant on notice of Plaintiff's claims. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir.2004) (emphasis added.)

Plaintiff must, in accordance with Rule 8, allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of her 'entitlement to relief' requires more than labels and conclusions." Twombly, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements'. . . are not entitled to be assumed true." Iqbal, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 550 U.S. at 562. Importantly, Plaintiff may not attribute liability to a group of defendants without first separating out each defendant and setting forth specific facts as

to how that individual defendant caused a deprivation of Plaintiff's rights. See, Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff shall be granted an opportunity to amend the complaint to cure this deficiency. To state a § 1983 claim against a defendant, Plaintiff must **name** the individual defendant and set forth **facts** showing specifically what that **individual** defendant did, or failed to do. Plaintiff has not done so in the 1AC and therefore fails to state a claim against any of the named defendants.

**C. Sergeant Browne is not named as a defendant**

Plaintiff alleges that "Sgt. Browne has several inmates he's sexually assaulted as well [and] is going around threatening known victims and witnesses. (ECF No. 5 at 2.) However, Plaintiff has not named Sgt. Browne as a defendant in this case. By this order, Plaintiff shall be granted leave to file an amended complaint. If Sgt. Browne is an intended defendant in this case, Plaintiff should name him as a defendant in the caption of the Second Amended Complaint and allege sufficient facts against him, showing his personal conduct and alleging what he did that violated Plaintiff's rights.

**D. Vallejo Police Department – Improper Venue**

Plaintiff names the Vallejo Police Department as a defendant. Plaintiff's claims against the Vallejo Police Department likely arise from events occurring in Solano County, California, where Vallejo is located. If so, venue for Plaintiff's claims against this defendant are not proper in this district, and those claims may not be pursued in this action.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

By this order, Plaintiff shall be granted an opportunity to file a Second Amended Complaint in which she should omit any claims for relief arising out of events occurring in Solano

County, or against any defendant whose acts allegedly occurred in Solano County. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue *sua sponte*); see also Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance). If Plaintiff wishes to pursue claims against the Vallejo Police Department or any individual police officer(s) arising from incidences which occurred in Solano County, Plaintiff may file a new action in the Northern District of California.

**E. Legal Standards**

In the paragraphs below, the Court shall provide legal standards for the claims that it appears Plaintiff seeks to bring. Plaintiff should review the legal standards before deciding whether she wishes to file a Second Amended Complaint and if so, which claims to bring in her Second Amended Complaint.

**1. Sexual Assault – Eighth Amendment Claim**

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood v. Beauclair, 692 F. 1041, 1046 (9th Cir. 2012) (citations omitted). "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." Crawford v. Cuomo, 796 F.3d 252, 257 (2nd Cir. 2015). "[S]exual contact between a prisoner and a prison guard serves no legitimate role and 'is simply not part of the penalty that criminal offenders pay for their offenses against society.'" Wood, 692 F.3d at 1050 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994) (some internal quotation marks omitted). "Where there is no legitimate penological purpose for a prison official's conduct, courts have 'presum[ed] malicious and sadistic intent.'" Id. (alteration in original) (quoting Giron v. Corr. Corp. of Am., 191 F.3d 1281, 1290 (10th Cir. 1999)). "[T]here is no requirement that the plaintiff produce evidence of injury; '[r]ather, the only requirement is that the officer's actions be offensive to human dignity.'" Id. (quoting Schwenk, 204 F.3d at 1196) (some internal quotation marks omitted).

**2. Retaliation – First Amendment Claim**

"Prisoners have a First Amendment right to file grievances [and lawsuits] against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his [or her] First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

**3. Failure to Protect – Eighth Amendment Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer, 511 U.S. at 832-33 (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to her future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge

that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

**4. Doe Defendants**

Plaintiff names Doe defendants in this action. Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served until Plaintiff has identified them as actual individuals and amended her complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

## VI. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests appointment of counsel in this case. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate her claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel "due to the magnitude of her case and situation, including number of victims, number of defendants/sexual deviants [and] appointment of counsel if warranted as CDCR/CCWF is already trying to cover this up." (ECF No. 5 at 1-2.) These are not exceptional circumstances under the law. At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. The court has not found cognizable claims for which to initiate service of process, and no other parties have yet appeared. Moreover, based on a review of the record in this case, Plaintiff can adequately articulate her claims. Therefore, if Plaintiff elects to stand on the 1AC, the undersigned will recommend that Plaintiff's motion for the appointment of counsel be denied, without prejudice, to renewal of the motion at a later stage of the proceedings. If however, Plaintiff elects to file a 2AC, by this order the court denies the request for the appointment of counsel, without prejudice, to renewal of the motion at a later stage of the proceedings.

**VII. CONCLUSION AND ORDER**

For the foregoing reasons, the Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under § 1983 against any of the Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above if Plaintiff so elects. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). However, as set forth below, Plaintiff is not required to file an amended complaint and may instead elect to proceed with the First Amended Complaint by notifying the Court of that choice. In the event Plaintiff wishes to stand on the current complaint, the court will recommend to the district judge assigned to this case that the 1AC be dismissed for failure to state a claim and the request for appointment of counsel likewise be denied.

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly identify each defendant separately and set forth specific facts as to what that individual defendant did, or did not do, which violated Plaintiff's constitutional rights. Additionally, the court is not required to review exhibits, if Plaintiff chooses to include exhibits Plaintiff must set forth how each exhibit is connected to and supports each claim. Factual allegations must be set forth in the amended complaint in sufficient detail so that each defendant has fair notice of the claims against that individual defendant.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and Plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If Plaintiff contends Plaintiff was the victim of a conspiracy, Plaintiff must identify the participants and allege their agreement to deprive Plaintiff of a specific federal constitutional right. In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b).

A district court must construe a *pro se* pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his/her complaint and give the plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Iqbal, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as nonexistent.'" (internal citation omitted)). Once Plaintiff files an amended complaint, the original pleading is superseded.

A prisoner may bring no § 1983 action until he or she has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview, or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint Plaintiff certifies that the claims are warranted by existing law, including the law that Plaintiff has exhausted administrative remedies, and that for violation of this rule plaintiff risks dismissal of this entire action, including claims against Vallejo Police Department, Mike Pallares (Warden), Greg Rodriguez, Sergeant Contreras, and John/Jane Doe Defendants (collectively, "Defendants").

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court's order issued on February 10, 2023, is WITHDRAWN;
2. The First Amended Complaint filed on January 18, 2023 is reinstated;
3. Plaintiff must do one of the following: **Either**:

**(1)** Notify the Court that Plaintiff wishes to stand on the First Amended Complaint, in which case Plaintiff must notify the Court **on or before May 1, 2023** that Plaintiff wishes to proceed with the First Amended Complaint and therefore does not wish to file a Second Amended Complaint. In this event, the court will recommend to the district judge that in accordance with the court's screening of the First Amended Complaint, that this case be dismissed without leave to amend for failure to state a claim, and that Plaintiff's request for the appointment of counsel be denied;

**Or**

**(2)** File a Second Amended Complaint **on or before May 1, 2023**, to attempt to state cognizable claims against the defendants;

4. If Plaintiff elects to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:23-cv-00004-JLT-GSA-PC;

5. If Plaintiff's elects to file a 2AC, Plaintiff's motion for appointment of counsel is denied, without prejudice; and,

6. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **April 3, 2023** **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE