# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE DEON CARROLL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VALLEJO POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | 1:23-cv-00004-JLT-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER**<br><br>**(ECF No. 14.)**<br><br>**OBJECTIONS DUE <u>ON OR BEFORE JUNE 9, 2023</u>** |

**I.　BACKGROUND**

　　Tremaine Deon Carroll ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights case pursuant to 42 U.S.C. § 1983.

　　On April 4, 2023, the Court issued an order requiring Plaintiff to either (1) file a Second Amended Complaint or (2) notify the Court that Plaintiff chooses to proceed with the First Amended Complaint filed on January 18, 2023 ((ECF No.5) Complaint, and to do so by May 1, 2023 (ECF No. 14.)  The May 1, 2023 deadline has expired and Plaintiff has neither filed a

1

Second Amended Complaint nor notified the Court that she chooses to proceed with the First Amended Complaint.

## II.     FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.  (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since January, 3, 2023.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not respond to the court's orders.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to inform the Court of her intentions in this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions in this circumstance are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

### III. RECOMMENDATIONS AND CONCLUSION

The Court **HEREBY RECOMMENDS** that this case be dismissed, without prejudice, based on Plaintiff's failure to obey the Court's order issued on April 4, 2023.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before June 9, 2023**, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 19, 2023**                              **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE